**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**FLORENCE JOHNSON,**

     **Movant,**

**v.**                                                    **Case No. 2:05-cr-00118-02**
                                                         **Case No. 2:12-cv-01966**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on June 11, 2012.  (ECF No. 157.)  This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Florence Johnson (hereinafter "Defendant") is serving a 120-month sentence upon her guilty plea, pursuant to a written plea agreement (ECF No. 75), to one count of conspiracy to distribute five grams or more of cocaine base, also known as "crack," in violation of 21 U.S.C. § 846.  (Judgment in a Criminal Case, imposed on January 13, 2006 and entered January 25, 2006, ECF No. 92.)  Attached to the defendant's plea agreement is an Information indicating that the defendant had previously been convicted of possession with intent to distribute marijuana, in violation of 21 U.S.C. §

841(a)(1), and that the United States intended to seek enhanced penalties against the defendant based upon her prior conviction. *See* 21 U.S.C. § 851. (ECF No. 75, Ex. A.)

Based upon the defendant's guilty plea to conspiracy to distribute five grams or more of cocaine base, the defendant would have been subject to a penalty under the 2005 version of 21 U.S.C. § 841(b)(1)(B)(iii) of not less than five nor more than 40 years in prison, a fine of 2 million dollars, or both, as well as a four-year term of supervised release. 21 U.S.C. § 841(b)(1)(B)(iii) (2005). However, based upon the Information filed against the defendant concerning her prior felony drug conviction, the defendant's statutory sentencing range was increased to a mandatory minimum of 10 years and a maximum of life in prison, a fine not to exceed the greater of that allowed under Title 18 or 4 million dollars, or both. The defendant was also subject to an eight-year term of supervised release. (*Id.*)

At sentencing, the District Court, without objection from the defendant, attributed relevant conduct in the amount of 109.01 grams of cocaine base to the defendant, which established a base offense level of 32. She received a three-level reduction for acceptance of responsibility, which reduced her total offense level to 29, with a Criminal History Category of II. Thus, her advisory sentencing guideline range was 97-121 months. However, because of the statutory mandatory minimum of ten years, the guideline range was actually 120-121 months, a period of supervised release of eight years, a fine of 15,000 to 4 million dollars, and a special assessment of $100. The District Court considered all of the factors under 18 U.S.C. § 3553(a) and sentenced the defendant to 120 months in prison, eight years of supervised release, and a $100 special assessment, but imposed no fine. (ECF No. 97 at 9-11.)

The defendant's appeal of her sentence based upon the district court's failure to depart from the statutory mandatory minimum was unsuccessful.   (*United States v. Johnson*, No. 06-4132 (Sept. 1, 2006)) (ECF No. 114.)   The defendant did not file a petition for a writ of certiorari in the Supreme Court.   Thus, her judgment became final on or about December 1, 2006.

On October 23, 2009, Defendant filed her first section 2255 motion[1], asserting that her sentence was improperly computed under the Sentencing Guidelines.  (ECF No. 135.)  The defendant's first section 2255 motion was dismissed as being untimely.  (ECF Nos. 140, 141.)   The defendant subsequently filed a Motion to Alter or Amend the Judgment concerning her first section 2255 motion (ECF No. 149), as well as another Motion for Retroactive Application of Sentencing Guidelines  re: Crack Cocaine Offenses under 18 U.S.C. § 3582, concerning the changes to the crack cocaine sentencing guidelines and the Fair Sentencing Act.  (ECF No. 153.)  Both of those motions were denied by the presiding District Judge on January 20, 2012 (ECF No. 154.)   The defendant then filed the instant section 2255 motion (ECF No. 157.)

## <u>ANALYSIS</u>

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

---

[1]   The undersigned notes that the defendant filed several other motions in her criminal case prior to filing a section 2255 motion, none of which was successful.  Those motions include a "Motion for Compassionate Release" (ECF No. 119), a "Motion for Alternative Sentence" (ECF No. 120), and a "Motion for Retroactive Application of Sentencing Guidelines re: Crack Cocaine Offense under 18 U.S.C. § 3582" (ECF No. 129).

The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

As previously determined with regard to the defendant's prior section 2255 motion, the defendant's conviction became final on or about December 1, 2006, when the time for filing a petition for a writ of certiorari expired. The defendant appears to be arguing that the one-year time period for her instant section 2255 motion should run from the date of the Supreme Court's decision in *DePierre v. United States*, ____ U.S. ____, 131 S. Ct. 2225, 180 L. Ed.2d 114 (2011), which was June 9, 2011.

In *DePierre*, the Supreme Court held that the term "cocaine base," as defined and used in 21 U.S.C. § 841(b)(1), means not just "crack cocaine," but cocaine in its chemically basic form. The defendant's instant motion asserts as follows:

1. After a jury trial in 2006, Petitioner Florence Johnson was sentenced to 120 months for conspiracy to possess with intent to distribute cocaine base.

2. In *DePierre* a District Court can only consider a penalty enhanced by 21 U.S.C. § 841(b)[(1)(B)](iii) when a specified amount of cocaine base or crack cocaine is charged and proven beyond a reasonable doubt. If the finding of a specified amount is not part of the record of conviction, *DePierre* hold[s] that the defendant has not been convicted under 841(b)(1)(A)(iii) and/or 841(b)(1)(B)(iii) of the Controlled Substances Act of 1987.

3. *DePierre* narrowed the scope of 21 U.S.C. 841 by interpreting the term "cocaine base" in 21 U.S.C. 841(b)[(1)(B)](iii) to decriminalize certain

4

individuals who would otherwise have been aggravated violators under 841.

4.  The specified amount that the jury found Petitioner guilty of is less than the Offense level 38 Category I Petitioner received.  This is a clear violation of Petitioner's Amendment rights, right to a jury [trial.]  (See Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed.2d 435, 120 S. Ct. 2348 (2000) and Blakely v. Washington, 542 U.S. 296, 303-304, 142 S. Ct. 2531, 159 L. Ed.2d 403 (2004).

(ECF No. 157 at 1-2.)

The Supreme Court's ruling in *DePierre* has not been declared retroactive on collateral review.  *DePierre* found that the term "cocaine base" includes, but is not limited to, "crack cocaine."  Because the defendant pled guilty to a crack cocaine offense, which is clearly a form of "cocaine base," *DePierre* did not "decriminalize" the defendant's conduct.  Therefore, it cannot be used to re-start the statute of limitations for filing a section 2255 motion.

The undersigned proposes that the presiding District Judge **FIND** that Defendant's conviction became final on or about December 1, 2006, when the time for filing a petition for a writ of certiorari expired, and none of the other events specified in section 2255 apply in this case.  Therefore, Defendant's time to file her section 2255 motion expired on or about December 1, 2007, and her present motion is untimely.  The undersigned proposes that the presiding District Judge **FIND** that no exceptional circumstances exist to justify tolling the period of limitation.  Furthermore, because the defendant has already filed one unsuccessful section 2255 motion, the undersigned proposes that the presiding District Judge **FIND** that his instant motion is an unauthorized second or successive motion.

Finally, even if this court could properly review the defendant's section 2255 motion, she is not entitled to any relief thereon.  The undersigned notes that the

defendant pled guilty to possession with intent to distribute five grams or more of "cocaine base" also known as "crack cocaine." Thus, she admitted to a quantity that met the threshold for sentencing under section 841(b)(1)(B)(iii). Furthermore, the defendant's sentence was enhanced under section 851 for a prior controlled substance offense, resulting in a mandatory minimum sentence of 10 years. A section 851 enhancement is not controlled by the rulings in *Apprendi*, *Blakely* or *Booker*, which also have not been held to be retroactively applicable on collateral review. Thus, the undersigned proposes that the presiding District Judge **FIND** that the defendant's sentence was appropriate under statutory authority and the Sentencing Guidelines, and the defendant is not entitled to any relief under section 2255.

### **RECOMMENDATION**

It is respectfully **RECOMMENDED** that Defendant's § 2255 motion (ECF No. 157) be dismissed with prejudice as being untimely and as an unauthorized second or successive petition.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

<u>August 31, 2012</u>

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge